For meaning of Abreviations, See Ternary Digest, page XII.

---

### No. 697

### NEW AMSTER. CAS. CO. v. CAMBRIDGE (Bd. of Ed.)
No. 19909. Supreme Court
On motion to certify. Dock. June 19, 1926; 4 Abs. 404.

1139. SURETY BONDS—Where a bonding company has executed a bond to the Board of Education for the faithful performance of a partnership in complying with a certain contract for the construction of a certain school building and during the construction thereof, one of the partners withdraws without notice to the bonding company, may it be held liable under the bond?

27. ACTIONS—Where a bonding company has executed a bond to a Board of Education, are material-men proper parties to a suit against the bonding company for the non-performance of a contract by a contractor whose faithful performance was insured by the bond?

It appears that pursuant to the authorization of a bond issue by the electors of Cambridge a certain contract for the construction and repair of school buildings was let by the Board of Education to Uncapher-Welsh Construction Company, a partnership, and general contractors; and that the New Amsterdam Casualty Company executed a bond to the Board of Education for the faithful performance of this contract.

This action was brought originally by the Board of Education of Cambridge and material-men against the New Amsterdam Casualty Company on th ebond executed by the company.

The company claims that no certificate was filed by the clerk in compliance with 5660 GC., and that the contract was void under 5661 GC. During the construction of the building Welsh, one of the partners, withdrew from the partnership without giving notice to the Company and Uncapher continued with the work but abandoned the job before it was finished. The company also alleges that the Board of Education spent a sum greatly in excess of an amount necessary to complete the building.

The bond provided that the company should not be liable to anyone except the obligee but that the obligee in estimating his damage might include the claims of mechanics and material-men.

The judgment of the Guernsey Common Pleas in favor of the Board and material men was affirmed by the Court of Appeals.

The Company in the Supreme Court contends:

1. That the court erred in changing the terms of the bond by rendering judgment in favor of the material-men, the bond stipulating that the surety should not be liable to anyone except the obligee.

2. That the School Board spent a sum greatly in excess to that necessary to complete the building.

3. That 5660 GC. was not complied with and therefore the contract was void.

4. That the bond was executed to insure the faithful performance of the partnership and not one of the individual partners and therefore the company should be absolved from liability under the bond.

5. That the court erred in enlarging the terms of the bond by permitting the material-men to sue the bonding company.

6. That a separate proceeding should have been brought by each material-man under 2635 GC.

Attorneys—J. Joyce, Cambridge and Booth, Keating, Pomerence & Boulger, Columbus, for Company; G. D. Dugan, S. C. Shepard, Cambridge, G. T. Geren, Marion, & C. M. Meyers, Akron, for Board.